1   **WO**

2

3

4                           **NOT FOR PUBLICATION**

5              IN THE UNITED STATES DISTRICT COURT

6                  FOR THE DISTRICT OF ARIZONA

7

8   Larry C. Christensen and Jacklyn          )   No. CV-08-0862-PHX-FJM
    Christensen, husband and wife,            )
9                                             )   **ORDER**
                 Plaintiffs,                  )
10                                            )
    vs.                                       )
11                                            )
                                              )
12  Arizona Central Credit Union; Chief       )
    Justice Honorable Ruth V. McGregor;       )
13  Minnie Uribe, Clerk of the Justice Court  )
    of East Phoenix #1; Lois Fregoso, Clerk   )
14  of the Justice Court of East Phoenix #2;  )
    Michael K. Jeanes, Clerk of the Superior  )
15  Court of Maricopa County; Unifund         )
    CCR Partners; Felicia A. Rotellini,       )
16  Superintendent of Financial Institutions; )
    Barry Bursey; John H. Buschorn; Bursey    )
17  and Associates, P.C.,                     )
                                              )
18               Defendants.                  )
                                              )
19  _____   )

20

21      The court has before it five motions to dismiss: (1) one filed by the Chief Justice of

22  the Arizona Supreme Court, Ruth V. McGregor ("McGregor") and Michael K. Jeanes, Clerk

23  of the Superior Court of Arizona in Maricopa County ("Jeanes") (doc. 19); (2) one filed by

24  Minnie Uribe, clerk of the Justice Court of East Phoenix one, and Lois Fregoso, clerk of the

25  Justice Court of East Phoenix two (collectively "Uribe and Fregoso") (doc. 16); (3) one filed

26  by the Arizona Central Credit Union ("Credit Union") (doc. 22); (4) one filed by Felicia A.

27  Rotellini, Superintendent of Financial Institutions ("Rotellini") (doc. 24); and (5) one filed

28  by Barry Bursey and Bursey & Associates, P.C. (collectively "the Bursey defendants") (doc.

41).[1]  Also before the court are plaintiffs Larry and Jacklyn Christensen's responses (docs. 35, 29, 34, 36, and 46 respectively), and defendants' replies (docs. 39, 33, 42, and 40 respectively).[2]

### I-Background

Plaintiffs receive monthly social security benefits which are directly deposited into their account at the Credit Union.  They claim that at all times their account has held only social security benefits, which are exempt from garnishment under 42 U.S.C. § 407(a).[3]  Complaint at 8.  In March 2005, October 2005, and November 2006, writs of garnishment were issued against plaintiffs' account and served on the Credit Union.  The writs were issued by Uribe, Fregoso, and Jeanes respectively.  Unifund CCR Partners ("Unifund"), represented by the Bursey defendants, caused both the March 2005 and November 2006 writs to be served.  In each instance the Credit Union froze plaintiffs' account until the writs had been quashed.

Plaintiffs bring this action alleging: (1) a violation of 42 U.S.C. § 407(a) (count one); (2) a violation of 42 U.S.C. § 407(a) under 42 U.S.C. § 1983 (count two); (3) breach of contract by the Credit Union (count three); and (4) conversion by the Credit Union (count four).  Plaintiffs seek a declaration that each defendant violated the plaintiffs' rights under 42 U.S.C. § 407(a), 42 U.S.C. § 1983, the Due Process Clause of the Fourteenth Amendment, and the Due Process Clause under Article II § 4 of the Arizona Constitution, and that McGregor, Rotellini, Jeanes, Uribe and Fregoso "violated plaintiffs' rights" under the

---

[1]On October 29, 2008, Unifund CCR Partners filed a motion to dismiss, which, of course, is not yet at issue.

[2]The Bursey defendants did not file a reply.

[3]Plaintiffs acknowledge, however, that on two occasions they deposited outside funds into their account to avoid overdraft fees after a writ of garnishment had been issued. Complaint at 9-10.

1  Supremacy Clause of the United States Constitution.[4]   Plaintiffs ask that the Arizona

2  garnishment statute, A.R.S. § 12-1570 et seq., be declared unconstitutional "so far as it

3  requires or permits the freezing of depository accounts that contain only electronically

4  deposited social security funds that are exempt from attachment." Complaint at 18.  Finally,

5  plaintiffs seek an injunction requiring defendants to create procedures so that accounts

6  containing only exempt funds will not be frozen. Id. at 18-19.  Defendants move to dismiss

7  the complaint for lack of subject matter jurisdiction and failure to state a claim upon which

8  relief can be granted. Fed. R. Civ. P. 12(b)(1), (6).

9  **II-McGregor and Jeanes**

10      A party seeking to invoke the jurisdiction of a federal court must show that he has

11  standing to sue within the meaning of Article III.  To establish standing, a plaintiff must

12  show that: (1) he has suffered an "injury in fact;" (2) the injury is "fairly traceable" to the

13  defendant's action; and (3) the injury can likely be redressed by the cause of action. Lujan

14  v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 2136 (1992).  The parties

15  agree that plaintiffs have alleged a sufficient injury in fact--the freezing of their exempt

16  social security benefits.  However, McGregor and Jeanes argue that plaintiffs have failed to

17  show that their injury is "fairly traceable" to the approval and issuance of the garnishment

18  forms and instructions. McGregor and Jeanes Motion at 6-7.  We agree.

19      To show their alleged "injury in fact" is "fairly traceable" to the defendants, plaintiffs

20  must allege more than mere speculation that absent the defendants' conduct their federal

21  rights would not have been violated. Simon v. E. Ky. Welfare Rights Org., 426 U.S. 26, 42-

22

23

24      [4]While plaintiffs include various constitutional claims in their prayer for relief, it is
    unclear from the complaint whether plaintiffs allege that their constitutional rights were
25  violated as part of their section 1983 action or as an independent claim.  In either case,
    plaintiffs have failed to articulate anything more than mere conclusory allegations.  Because
26  plaintiffs have failed to allege a claim that is plausible on its face, we dismiss plaintiffs'
    claims under the Due Process Clause of the United States Constitution, the Due Process
27  Clause of the Arizona Constitution, and the Supremacy Clause of the United States
28  Constitution as to all defendants.

43, 96 S. Ct. 1917, 1926 (1976). While plaintiffs allege that the garnishment forms lack clarity, they do not allege that the garnishment forms require or even permit the freezing of exempt property. Nor do plaintiffs aver that their checking account was garnished because of or in conformity with the challenged forms. Complaint at 11.

Based on the facts alleged in the complaint, plaintiffs' injury was not caused by approval or issuance of garnishment forms but by the possible misuse of those forms by a third party. Thus, their injury is not "fairly traceable" to McGregor and Jeanes' actions. Because plaintiffs' claims against McGregor and Jeanes must be dismissed on standing grounds, we need not reach their other defenses.

**III-Uribe and Fregoso**

Although defendants Uribe and Fregoso do not raise the issue of standing, federal courts have "both the power and the duty to raise the adequacy of standing sua sponte." D'Lil v. Best Western Encina Lodge & Suites, 538 F.3d 1031, 1035 (9th Cir. 2008) (citation omitted). Plaintiffs' claim against Uribe and Fregoso, like the claim against Jeanes, rests on their issuance of writs of garnishment. For the same reasons, plaintiffs have failed to show that their injury is "fairly traceable" to the issuance of the garnishment forms. Plaintiffs, therefore, lack standing to bring this action against defendants Uribe and Fregoso. As a result, we need not reach their other defenses.

**IV-The Credit Union**

The Credit Union also moves to dismiss plaintiffs' complaint for a lack of standing. The Credit Union contends that plaintiffs' injury is not "fairly traceable" to it because it was acting in accordance with writs of garnishment issued under Arizona law. The Credit Union Reply at 9. We disagree. Plaintiffs have sufficiently alleged that the Credit Union was responsible for freezing their account. Even if the Credit Union's actions were compelled by state law, they were the immediate cause of plaintiffs' injury. Plaintiffs have proper standing to bring this action against the Credit Union.

The Credit Union also argues that plaintiffs' claims are moot because they do not currently have a writ of garnishment issued against them. Although a writ of garnishment

1    is not pending, plaintiffs' claims are not moot because they fall within the "capable of
2    repetition yet evading review" exception to the mootness doctrine.  See Southern Pac.
3    Terminal Co. v. ICC, 219 U.S. 498, 515, 31 S. Ct. 279 (1911).  "The exception applies only
4    where '(1) the duration of the challenged action is too short to allow full litigation before it
5    ceases, and (2) there is a reasonable expectation that the plaintiffs will be subjected to it
6    again.'" Biodiversity Legal Found. v. Badgley, 309 F.3d 1166, 1173 (9th Cir. 2002) (quoting
7    Greenpeace Action v. Franklin, 14 F.3d 1324, 1329 (9th Cir. 1993)).  This case is capable
8    of repetition and, given the very tight time deadlines for exemption hearings, see A.R.S.
9    § 12-1580, it may evade review.  Moreover, plaintiffs have a reasonable expectation that they
10   will be subject to a writ of garnishment in the future.  They remain judgment debtors and are
11   currently subject to a collection action.  Complaint at 7-8.

12       Because jurisdiction exists as to the Credit Union, we must address their Rule 12(b)(6)
13   arguments.  A complaint must contain "a short and plain statement of the claim showing that
14   the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To avoid dismissal, a complaint
15   must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic
16   Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007), and not speculative.  Id. at 1964-65.

17       The Credit Union argues that the complaint does not provide adequate notice that it
18   was being sued under 42 U.S.C. § 407(a) (count one) and 42 U.S.C. § 1983 (count two).  To
19   be sure, the complaint does not include the Credit Union as one of the named defendants
20   under counts one or two and does not make specific allegations against the Credit Union in
21   those sections.  However, later on in the complaint, relief is requested against the Credit
22   Union for violations "of 42 U.S.C. § 407(a), 42 U.S.C. § 1983, the Due Process Clause of
23   the Fourteenth Amendment to the United States Constitution, and the Due Process Clause
24   of Article II, § 4 of the Arizona State Constitution."  Complaint at 18.  Assuming, without
25   deciding, that notice was adequate under Rule 8(a)(2), Fed. R. Civ. P., counts one and two
26   nevertheless fail to state claims against the Credit Union.

27       Social security benefits are not "subject to execution, levy, attachment, garnishment,
28   or other legal processes, or to the operation of any bankruptcy or insolvency law."  42 U.S.C.

§ 407(a).  Section 407(a) protects social security funds from attachment by creditors without the recipient's consent.  Philpott v. Essex County Welfare Bd., 409 U.S. 413, 93 S. Ct. 590 (1973); Lopez v. Washington Mut. Bank, FA, 302 F.3d 900, 903 (9th Cir. 2002) ("Section 407(a) was designed 'to protect social security beneficiaries and their dependents from the claims of creditors.' ") (citation omitted).  Neither party has provided, nor have we found, any case that holds a third party garnishee liable under section 407(a).  All cases cited by plaintiffs involve claims in which a banking institution was acting as a creditor.  Because section 407(a) is meant to protect social security recipients from creditors, plaintiffs have failed to state a claim against the Credit Union under section 407(a).

Plaintiffs also fail to state a claim against the Credit Union pursuant to 42 U.S.C. § 1983.  A section 1983 claim requires, "(1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." Leer v. Murphy, 844 F.2d 628, 632-33 (9th Cir.1988).  Not only have plaintiffs failed to sufficiently allege a violation of their federal rights, but they cannot show that the Credit Union was acting under color of state law.

We begin with the presumption that private conduct is not government action; something more than acting pursuant to generally applicable state law is required for a private entity to be considered acting under color of law.  Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 836 (9th Cir. 1999).  Plaintiffs claim that the Credit Union's fear of liability if it did not freeze their account is sufficient to show that it was acting under color of state law.  But "[p]rivate misuse of a state statute does not describe conduct that can be attributable to the state." Lugar v. Edmondson Oil Co., Inc. 457 U.S. 922, 941, 102 S. Ct. 2744, 2756 (1982).  Even had the Credit Union's actions been compelled by Arizona law, "the mere fact that the government compelled a result does not suggest that the government's action is 'fairly attributable' to the private defendant." Sutton, 192 F.3d at 838.  Thus, plaintiffs have failed to show state action sufficient to maintain a section 1983 claim.

Counts one and two of the complaint, alleging violations of section 407(a) and section 1983, must be dismissed as to the Credit Union.  Because plaintiffs have decided not to pursue their conversion claim, count four is also dismissed.  <u>Response</u> at 2.  The Credit Union, however, has not provided any argument regarding  plaintiffs' breach of contract claim.  Its motion to dismiss is therefore denied as to count three of the complaint.

### V-Rotellini

Plaintiffs allege that Rotellini violated federal law by failing to monitor the Credit Union and enforce 42 U.S.C. § 407(a) under the authority given her as the Superintendent of Financial Institutions.   Like McGregor and Jeanes, Rotellini argues that plaintiffs lack standing and that their claims are barred by the Eleventh Amendment.

The Eleventh Amendment prohibits actions by private litigants against the state, its agencies, or its employees in their official capacities. <u>Edelman v. Jordan</u>, 415 U.S. 651, 663, 94 S. Ct. 1347, 1356 (1974).  However it does not protect state officials from federal claims for which a plaintiff seeks only prospective equitable relief, as here, if the official has "some connection with the enforcement of the act" so that he or she is not being sued as a mere representative of the state. <u>Ex Parte Young</u>, 209 U.S. 123, 157, 28 S. Ct. 441, 453 (1908). The Eleventh Amendment requisite connection and Article III standing analyses are closely related and often overlapping inquiries.   <u>Culinary Workers Union, Local 226 v. Del Papa</u>, 200 F.3d 614, 619 (9th Cir. 1999).   Whether Rotellini is sufficiently connected to enforcement of the garnishment statute for purposes of the <u>Ex Parte Young</u> exception or standing are questions we need not decide.  Even if we assume that plaintiffs can overcome the Eleventh Amendment and Article III hurdles, they have nevertheless failed to state claims against Rotellini upon which relief may be granted.

Plaintiffs assert claims against Rotellini under 42 U.S.C. § 407(a) and 42 U.S.C. § 1983.  First, because Rotellini is not a creditor, plaintiffs have not stated a cause of action against her under 42 U.S.C. § 407(a).  Rotellini did not engage a legal procedure, as required by section 407(a), or exercise any independent control over plaintiffs' exempt funds.

1   Plaintiffs do not claim that Rotellini even had knowledge of the proceedings which allegedly

2   violated the federal statute.

3   Plaintiffs have also failed to establish a section 1983 violation by Rotellini.  Even if

4   we assume that Rotellini was acting under color of law, plaintiffs have not sufficiently

5   alleged that Rotellini's conduct deprived them of a federal right.  Plaintiffs have not stated

6   a cause of action against Rotellini under 42 U.S.C. § 407(a), and plaintiffs' bald assertion

7   that Rotellini violated their rights under the Due Process Clause and Supremacy Clause of

8   the United States Constitution is insufficient to state a claim for relief that is plausible on its

9   face.  Twombly, 127 S. Ct. at 1974.  Rotellini's motion to dismiss is granted.

10   **VI-The Bursey Defendants**

11   The Bursey defendants, who represented Unifund in securing the March 2005 and

12   November 2006 writs, join in defendants McGregor and Jeanes' standing arguments, yet fail

13   to address how these arguments apply to them.  Bursey Motion at 1.  The Bursey defendants

14   caused the March 2005 and November 2006 writs of garnishment to be issued and aided

15   Unifund in seeking control over the plaintiffs' exempt funds.  We conclude that plaintiffs'

16   alleged injury is "fairly traceable" to the Bursey defendants' actions.

17   The Bursey defendants argue that plaintiffs have failed to state a claim against them

18   under 42 U.S.C. § 407(a) (count one) and 42 U.S.C. § 1983 (count two).  We disagree as to

19   count one but agree as to count two.  The Bursey defendants, in securing a writ of

20   garnishment, exercised independent control over plaintiffs' account.  They participated in

21   securing the writs which led to plaintiffs' account being frozen.  Plaintiffs have sufficiently

22   alleged that the Bursey defendants knew or should have known that the funds they sought

23   to garnish were exempt social security benefits and nevertheless proceeded.  Therefore, we

24   deny the Bursey defendants' motion to dismiss plaintiffs claims under 42 U.S.C. § 407(a).

25   Defendants argue that they are not liable under section 1983 because they were not

26   acting under color of state law.  Plaintiffs concede that they are unable to establish any nexus

27   between state action and the Bursey defendants.  Response at 7.  Plaintiffs have failed to

28   sufficiently allege anything more than misuse of the Arizona garnishment statute against the

1  Bursey defendants.  Because plaintiffs challenge only private conduct, they have failed to

2  state a claim under section 1983.

3      Therefore we deny the Bursey defendants' motion to dismiss as to count one of the

4  complaint, but grant their motion as to count two and all other claims.

5  **VII-Conclusion**

6      Accordingly, **IT IS ORDERED GRANTING** the defendants McGregor and

7  Jeanes' motion to dismiss (Doc. 19).

8      **IT IS FURTHER ORDERED GRANTING** Uribe and Fregoso's Motion

9  to Dismiss (Doc. 16).

10      **IT IS FURTHER ORDERED GRANTING IN PART AND DENYING**

11  **IN PART** the Credit Union's motion to dismiss (Doc. 22).  Plaintiffs' breach of contract

12  claim, count three, remains as to the Credit Union.

13      **IT IS FURTHER ORDERED GRANTING** Rotellini's motion to dismiss

14  (Doc. 24).

15      **IT IS FURTHER ORDERED GRANTING IN PART AND DENYING**

16  **IN PART** the Bursey defendants' motion to dismiss (Doc. 41).  Plaintiffs' claims based

17  on 42 U.S.C. § 407(a) survive as to the Bursey defendants.

18      The claims remaining in this case, as to the moving defendants, are plaintiffs'

19  breach of contract claim (count three) as to the Credit Union, and plaintiffs' 42 U.S.C. §

20  407(a) claim (count one) against the Bursey defendants.

21      DATED this 7th day of November, 2008.

22

23

24                          _Frederick J. Martone_

                              Frederick J. Martone
                        United States District Judge

25

26

27

28