**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry C. Christensen and Jacklyn Christensen, husband and wife,<br><br>  Plaintiffs,<br><br>vs.<br><br>Arizona Central Credit Union; Chief Justice Honorable Ruth V. McGregor; Minnie Uribe, Clerk of the Justice Court of East Phoenix #1; Lois Fregoso, Clerk of the Justice Court of East Phoenix #2; Michael K. Jeanes, Clerk of the Superior Court of Maricopa County; Unifund CCR Partners; Felicia A. Rotellini, Superintendent of Financial Institutions; Barry Bursey; John H. Buschorn; Bursey and Associates, P.C.,<br><br>  Defendants. | No. CV-08-0862-PHX-FJM<br><br>**ORDER** |

The court has before it defendant Unifund CCR Partners' ("Unifund") motion to dismiss (doc. 54), defendants Barry Bursey and Bursey & Associates, P.C.'s ("Bursey defendants") joinder to Unifund's motion to dismiss (doc. 56),[1] the plaintiffs' response to

---

[1] The Bursey defendants joinder to Unifund's motion is dismissed under Rule 12(g) because they previously filed a motion to dismiss (doc. 41) and all defenses and objections now raised were available at the time of their original filing. See Fed. R. Civ. P. 12(g). Nevertheless, because Unifund's motion to dismiss fails as to plaintiffs' section 407(a) claim, this order would have no effect as to the Bursey defendants if joinder were proper.

Unifund's motion (doc. 57) and to the Bursey defendants' motion (doc. 58), and Unifund's reply (doc. 60).

Plaintiffs maintain a credit union account containing only social security funds, which are exempt from garnishment under 42 U.S.C. § 407(a). Unifund, represented by the Bursey defendants, caused two writs of garnishment to issue against plaintiffs' account. Plaintiffs bring this action against multiple defendants alleging violations of federal and state law. On November 10, 2008, we issued an order dismissing most of plaintiffs' claims (doc. 59). Unifund's motion to dismiss was not yet fully briefed and thus was not addressed by our prior order.

Plaintiffs assert claims against Unifund under 42 U.S.C. § 407(a) and 42 U.S.C. § 1983.[2] For the reasons provided in our November 10th order as to the Bursey defendants, we conclude that the plaintiffs have stated a cause of action against Unifund under 42 U.S.C. § 407(a). Defendant's arguments regarding a duty of inquiry ignore plaintiffs' allegations that it had actual knowledge that the funds' were exempt when it caused the second writ to issue. We also conclude that plaintiffs have failed to state a claim under 42 U.S.C. § 1983 because Unifund was not acting under color of law.

Accordingly, **IT IS ORDERED GRANTING IN PART AND DENYING IN PART** Unifund's motion to dismiss (doc. 54). Plaintiffs' claims based on 42 U.S.C. § 407(a) (count I) survive and all other claims are dismissed.

DATED this 21st day of November, 2008.

_____
Frederick J. Martone
United States District Judge

---

[2] As stated in our November 10 order, to the extent that plaintiffs also seek relief for constitutional violations, their claims are dismissed for a failure to state a claim.